**BLUE CROSS OF CALIFORNIA, et al., Plaintiffs,**

v.

**SMITHKLINE BEECHAM CLINICAL LABORATORIES, INC., Defendant.**

**MDL No. 1210.
No. 3:97CV1795(AVC).**

United States District Court, D. Connecticut.

Aug. 7, 2000.

John Burns Farley, Daniel P. Scapellati, Halloran & Sage, Hartford, Thomas W. Brunner, Laura A. Foggan, C. Russell Clause, Eric Mahr, Nicole Telecki, Kirk J. Nahra, David O. Ferry, Clifford M. Sloan, Rand L. Allen, Russell D. Duncan, Wiley, Rein & Fielding, Washington, DC, Alison M. Duncan, David L. Douglass, Thomas O. Gorman, Heather J. Stewart, Porter, Wright, Morris & Arthur, Washington, DC, for Blue Cross of California, plaintiff.

Bourke G. Spellacy, Richard S. Order, Donald C. Mahoney, Updike, Kelly & Spellacy, P.C., Hartford, CT, Herbert Dym,

Mark H. Lynch, Bobby R. Burchfield, Ethan M. Posner, Covington & Burling, Washington, DC, Frederick G. Herold, Thomas H. Lee, II, Dechert, Price & Rhoads, Philadelphia, PA, John P. Lynch, Joseph A. Sullivan, Latham & Watkins, Chicago, Il, William Kennedy Dodds, Dechert Price & Rhoads, New York City, for SmithKline Beecham Clinical Labs, Inc, defendant.

### RULING ON THE DEFENDANT'S MOTION TO ENJOIN THE TRUSTMARK ACTION

COVELLO, Chief Judge.

This is a consolidated action for legal and equitable relief transferred to this court by order of the Judicial Panel on Multidistrict Litigation. It is brought by thirty-seven health care insurers, among others, to redress several years of alleged over-billing by the defendant, SmithKline Beecham Clinical Laboratories, Inc. ("SBCL"). The original complaint and two subsequent amendments allege causes of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, ("RICO"), the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), the Pennsylvania Insurance Fraud Statute, 18 Pa. Cons.Stat. Ann. § 4117, and state common law precepts concerning fraud and unjust enrichment.

The court subsequently dismissed all the RICO claims and, in addition, all ERISA claims to the extent they were asserted by thirty-one of the thirty-seven plaintiffs-insurers herein. The court also dismissed all state law claims as barred by the applicable statute of limitation, and rendered judgment accordingly.

During the pendency of this action, thirty-four of the thirty-seven insurers filed a virtually identical complaint in the Circuit Court of Madison County, Illinois, entitled *Trustmark, et al., v. SmithKline Beecham Clinical Laboratories, Inc.*, Civil Action No. 99–L–755 (Madison County, Ill.)("the Trustmark action").

SBCL now moves pursuant to the Anti–Injunction Act, 28 U.S.C. § 2283 and the All Writs Act, 28 U.S.C. § 1651(a) to enjoin the plaintiffs-insurers from further litigation of the Trustmark Action. The issue presented is whether injunctive relief is authorized and appropriate in this multidistrict litigation. For the reasons hereinafter set forth, the court concludes that the All Writs Act and exceptions to the Anti–Injunction Act authorize the relief requested, and that it is appropriate. Accordingly, SBCL's motion is granted.

### FACTS

On August 19, 1997, thirty-seven insurance companies ("the plaintiffs-insurers") [1]

1. The plaintiffs-insurers are as follows: Blue Cross of California, California Physicians' Services (d/b/a Blue Shield of California), Aetna Life Insurance Company, Anthem Health Plans, Inc. (d/b/a/ Anthem Blue Cross and Blue Shield of Connecticut), Blue Cross and Blue Shield of Florida, Inc., Blue Cross & Blue Shield of Georgia, Inc., Golden Rule Insurance Company, John Deere Health Care, Inc., Pioneer Financial Services, Trustmark, Principal Life Insurance Company, Humana, Inc., Louisiana Health Services & Indemnity Company, Inc. (d/b/a/ Blue Cross and Blue Shield of Louisiana), Associated Hospital Service of Maine (d/b/a Blue Cross Blue Shield of Maine), Blue Cross/Blue Shield of Michigan, Allianz Life Insurance Company of North America, Blue Cross Blue Shield of Minnesota, Federated Mutual Insurance Company and Federated Service Insurance Company, Reli-

astar Life Insurance Company, Mutual of Omaha Insurance Company, Blue Cross and Blue Shield of New Jersey, Inc., The Prudential Insurance Company of America, Finger Lakes Health Insurance Company, Inc. and Finger Lakes Medical Insurance Company, Inc. (d/b/a Finger Lakes Blue Cross and Blue Shield), The Guardian Life Insurance Company of America, New York Care Plus Insurance Company, Inc. (d/b/a Blue Cross and Blue Shield of Western New York and Blue Shield of Northeastern New York), New York Life Insurance Company, Blue Cross Blue Shield of North Carolina, Jefferson–Pilot Life Insurance Company, Blue Cross & Blue Shield of Rhode Island, Blue Cross and Blue Shield of Tennessee, Blue Cross and Blue Shield of Texas, Inc., Trigon Insurance Company (d/b/a Trigon Blue Cross Blue Shield), Group Hospitalization & Medical Services, Inc. (d/b/a Blue

initiated this multidistrict action against SBCL. SBCL is a subsidiary of SmithKline Beecham plc, a British corporation that is incorporated in the state of Delaware. SBCL owns and operates one of the nation's largest chains of clinical laboratories.

The original complaint and two subsequent amendments allege causes of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., ("RICO"), the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), the Pennsylvania Insurance Fraud Statute, 18 Pa. Cons. Stat. Ann. § 4117, and state common law precepts concerning fraud and unjust enrichment. The gravamen of the second amended complaint is that from 1989 until 1995, SBCL exploited the health care payment system in five fundamental ways: (1) SBCL billed the plaintiffs-insurers for tests that physicians did not order or intend to order and billed for tests that it had led physicians to believe would not result in separate charges ("add-ons"); (2) SBCL offered physicians discounts for certain test packages, but billed the plaintiffs-insurers for the full price for supposedly discount test packages ("selected discounts"); (3) SBCL billed the plaintiffs-insurers separately for expensive constituents of test panels that should have been billed at a single composite rate ("unbundling"); (4) SBCL performed and billed for more expensive tests than were ordered ("upcoding"), and in some cases performed; and (5) SBCL inserted fabricated diagnosis codes to obtain reimbursement from third party payers ("code jamming").

On November 17, 1998, SBCL filed a motion to dismiss the second amended complaint and, on July 2, 1999, the court granted that motion in part, dismissing all RICO claims and, in addition, all ERISA claims to the extent they were asserted by thirty-one of the thirty-seven plaintiffs-insurers.[2] The court retained supplemental jurisdiction over all state law claims to the extent they were not preempted by ERISA, including those alleged by the thirty-one plaintiffs-insurers with no remaining federal cause of action.

On August 2, 1999, thirty-four of the thirty-seven plaintiffs-insurers[3] filed a virtually identical complaint in the Circuit Court of Madison County, Illinois, entitled *Trustmark, et al., v. SmithKline Beecham Clinical Laboratories, Inc.,* Civil Action No. 99-L-755 (Madison County, Ill.)("the Trustmark action"). Like the action pending before this court, the Trustmark action alleges that between 1989 and 1995, SBCL engaged in fraudulent billing practices to include the use of "add-on" tests, "unbundling", and "upcoding." Like the federal action, the complaint seeks damages based on alleged violations of the Pennsylvania Insurance Fraud Statute, 18 Pa. Cons.Stat. Ann. § 4117, and state common law precepts concerning fraud and unjust enrichment. The Trustmark action also seeks damages for alleged violations of the Illinois Insurance Fraud Act, 720 ILCS 5/46–5, et seq., and the Illinois Consumer Fraud Act, 815 ILCS 505/1, et seq.

In the complaint filed in Illinois, the plaintiffs-insurers acknowledged that the

Cross Blue Shield of the National Capital Area), Blue Cross and Blue Shield United of Wisconsin and United Wisconsin Services, Inc., Employers Health Insurance Company, Time Insurance Company, and Wisconsin Physicians Service Insurance Corporation.

2. The six plaintiffs-insurers that did not have all federal claims dismissed are: Aetna Life Insurance Company, Blue Cross of California, Blue Cross Blue Shield of Florida, Inc., Employers Health Insurance Company, Guardian Life Insurance Company of America, and

Louisiana Health Service Indemnity Company, Inc.

3. The three plaintiffs-insurers in the instant case who did not join in the Trustmark action are Reliastar Life Insurance Company, Jefferson–Pilot Life Insurance Company and Blue Cross & Blue Shield of Rhode Island. An additional plaintiff in Trustmark, Aetna U.S. Healthcare, Inc., is the corporate successor of Aetna Life Insurance Co., one of original thirty-seven plaintiffs-insurers.

Trustmark action was based on the same allegations set forth in the instant action, and misrepresented to the Illinois court that "[t]he [Connecticut district] court . . . dismissed the related pendent state claims of the 31 companies whose federal claims were dismissed." (Trustmark compl. at ¶ 5)

Faced with a state court action that duplicates this one, SBCL moved to dismiss or stay the Trustmark action pursuant to Section 5/2–619(a)(3) of the Illinois Code of Civil Procedure, 735 ILCS § 5/2–619(a)(3). In opposing that motion, the plaintiffs-insurers again misrepresented to the Illinois court that:

> Plaintiffs instituted th[e Trustmark action] in response to . . . the failure of [the federal] court to exercise supplemental jurisdiction over any of the Plaintiffs' state claims.

(See Plaintiffs' Opposition to SBCL's Motion To Dismiss Based on The Pending Federal Action at 2, dated January 26, 2000). The Illinois state court subsequently denied the motion to stay.

On August 3, 1999, SBCL filed a motion for summary judgment in this court seeking dismissal of the plaintiffs-insurers' state law claims on statute of limitations grounds. The plaintiffs-insurers responded with three motions asking the court not to rule on the summary judgment motion and to permit them to litigate their state law claims in the Trustmark action. On December 22, 1999, this court denied the plaintiffs-insurers' motions, reiterating that it had retained jurisdiction over the plaintiffs-insurers' state law claims. In the ruling, the court also directed the plaintiffs-insurers to file their opposition to the pending motion for summary judgment.

On January 19, 2000, the plaintiffs-insurers filed their opposition memorandum to SBCL's summary judgment motion. On March 31, 2000, the court granted SBCL's motion for summary judgment, concluding that the plaintiffs-insurers state law claims were time-barred. Thereafter, on May 8, 2000, the court rendered final judgment as to these claims, and, on the same day, the plaintiffs-insurers filed their Notice of Interlocutory Appeal to the United States Court of Appeals for the Second Circuit.

Meanwhile, SBCL's efforts to secure a stay of the Trustmark action remained unsuccessful. On February 8, 2000, SBCL filed a notice of interlocutory appeal from the denial of its motion to stay. SBCL also filed a motion asking the Illinois court to stay the action pending appeal. On February 23, 2000, the Illinois court denied both motions. Thereafter, SBCL filed an application for a supervisory order from the Illinois Supreme Court to stay the Trustmark action. On March 15, 2000, the Illinois Supreme Court denied that motion. On March 15, 2000, SBCL filed its brief in the Illinois Court of Appeals on its appeal from the denial of its initial motion to stay. That motion is still pending.

## DISCUSSION

SBCL now moves pursuant to the Anti–Injunction Act, 28 U.S.C. § 2283 and the All Writs Act, 28 U.S.C. § 1651(a) to enjoin the plaintiffs-insurers from further litigation of the Trustmark action. SBCL contends that because this court has already rendered judgment with respect to the plaintiffs-insurers' state law claims, allowing the Trustmark action to proceed would undermine this court's jurisdiction, its judgment, and the orderly and efficient litigation of this action. In response, the plaintiffs-insurers maintain that because the Trustmark action does not fit within an exception to the Anti–Injunction Act, enjoining the action would violate principles of federalism and comity. Specifically, they assert that, in accordance with the Anti–Injunction Act and *Kline v. Burke Construction Co.*, 260 U.S. 226, 232, 43 S.Ct. 79, 67 L.Ed. 226 (1922), a federal court may not enjoin parallel state court proceedings unless the state court action threatens to dispose of property which forms the basis for federal *in rem* jurisdiction. Because there is no *res* forming the

basis of this court's jurisdiction, and, in fact, the Trustmark action is an *in personam* proceeding, the plaintiffs-insurers maintain that it may not be enjoined. Moreover, the plaintiffs-insurers argue that injunctive relief is improper under *Kline* because SBCL has failed to exhaust its remedies in Illinois state court, that is, "the effect of a parallel judgment should be determined by the application of *res judicata* by the court in which the action is still pending." *Kline,* 260 U.S. at 230, 43 S.Ct. 79.

As set forth more fully below, exceptions to the Anti–Injunction Act and the All Writs Act authorize the relief requested. Because *Kline v. Burke Construction Co.,* 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922) does not preclude injunctive relief here, and an injunction is necessary to protect the court's judgment and to prevent, in this multidistrict litigation, intolerable conditions that could ensue from conflicting orders from different courts, SBCL's motion is granted.

The Anti–Injunction Act, originally enacted in 1793, provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments.

28 U.S.C. § 2283. This statute is "an absolute prohibition against enjoining state court proceedings unless the injunction falls within one of the three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).

■ The second and third exception have relevance here. Generally speaking, the second exception, known as the "necessary in aid of jurisdiction" exception, may only be employed to enjoin parallel state court proceedings that threaten to dispose of property which forms the basis for federal *in rem* jurisdiction. *Kline v. Burke*

*Construction Co.,* 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *Pridgen v. Andresen,* 891 F.Supp. 733, 738 (D.Conn.1995). Because the Trustmark action is an *in personam* proceeding, the exception appears, at first glance, to be of no application here. However, the United States Court of Appeals for the Second Circuit has held that multidistrict actions may be viewed as the analogue of *in rem* proceedings for purposes of applying the "necessary in aid of jurisdiction" exception. *In re Baldwin–United Corp.,* 770 F.2d 328, 337 (2d Cir. 1985). Thus, contrary to the plaintiffs-insurers' first contention, the fact that the Trustmark action is an *in personam* proceeding, as opposed to *in rem,* is of little relevance. *See Baldwin–United Corp.,* 770 F.2d at 337 (distinguishing *Kline* and holding that "the jurisdiction of a multidistrict court is analogous to that of a court in an *in rem* action . . . where it is intolerable to have conflicting orders from different courts."); *Battle v. Liberty Nat'l Life Ins. Co.,* 877 F.2d 877, 882 (11th Cir.1989) (A "lengthy, complicated litigation is the virtual equivalent of a *res.*)"

■ The "necessary in aid of jurisdiction" exception, however, is usually only applicable where the federal action has yet to go to final judgment. *See Baldwin–United Corp.,* 770 F.2d at 337 (applying the "necessary in aid of jurisdiction" exception because the federal action had not yet gone to final judgment); *Winkler v. Eli Lilly & Co.,* 101 F.3d 1196, 1201 (7th Cir.1996) (same). Where there is a final federal judgment, there is no need to apply the "necessary in aid of jurisdiction" exception. Rather, the third exception to the Anti–Injunction Act, known as the "relitigation exception," is the relevant authority for enjoining parallel state *in personam* proceedings where judgment has been rendered in the federal action. *Amalgamated Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634, 639 (2d Cir.1987).

■ The relitigation exception allows a federal court to enjoin parallel *in person-*

*am* state court proceedings so long as the purpose behind the injunctive relief is to "protect or effectuate [a federal court's] judgments." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988); *see also Staffer v. Bouchard Transp. Co., Inc.*, 878 F.2d 638, 643 (2d Cir.1989); *Baldwin–United Corp.*, 770 F.2d at 337. It may be exercised to "halt state litigation that might undermine the *res judicata* or collateral estoppel effects of a federal judgment." *Pridgen v. Andresen*, 891 F.Supp. 733, 738 (D.Conn. 1995).

▮ Likewise, the All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to "issue such commands ... as may be necessary or appropriate to effectuate and prevent the frustration of [its] orders." *United States v. New York Telephone Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977). The All Writs Act permits a district court to enjoin proceedings in state court where necessary to prevent relitigation of an existing federal judgment... "*notwithstanding* the fact that the parties to the original action could invoke *res judicata* in state courts against any subsequent suit brought on the same matters." *Baldwin–United Corp.*, 770 F.2d at 335 (emphasis added). Hence, while the plaintiffs-insurers correctly argue in their second contention that the Supreme Court has stated a preference for allowing the court in which the action is still pending to consider any preclusive effect of a parallel judgment through application of *res judicata*, *Kline*, 260 U.S. at 230, 43 S.Ct. 79, this preference does not constitute a rule of law mandating that a federal court "stand idly by and hope that the state

court" gives preclusive effect to its rulings. *International Ass'n of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 132 (5th Cir.1975). This is especially so where, as here, a party such as SBCL goes to extraordinary lengths to obtain a stay of the state proceeding from state judicial authorities, including petitions before the state supreme court, and finds no relief.

▮ Having rejected each of the plaintiffs-insurers' contentions, the court must still consider whether injunctive relief is appropriate here. The fact that there is a prior federal judgment on identical claims brings this matter squarely within the All Writs Act and the relitigation exception to the Anti–Injunction Act. The federal action and the Trustmark action are based on the same allegations of fraud.[4] In both cases, the plaintiffs-insurers sought damages based on alleged violations of the Pennsylvania Insurance Fraud Statute, 18 Pa. Cons.Stat. Ann. § 4117, and state common law precepts concerning fraud and unjust enrichment. On March 31, 2000, however, this court concluded that these claims were time-barred and ordered them dismissed. On May 8, 2000, the court rendered final judgment. The doctrine of *res judicata* precludes the plaintiffs-insurers from litigating these claims elsewhere.[5] Accordingly, the court shall exercise the relitigation exception to the Anti–Injunction Act and hereby enjoins the plaintiffs-insurers from further litigation of these claims in the Trustmark action.

▮ The Trustmark action also seeks damages for alleged violations of the Illinois Insurance Fraud Act, 720 ILCS 5/46–

---

4. See Trustmark Compl. at ¶ 5, stating, "[the p]laintiffs previously instituted an action against SBCL in [federal court] based upon the same fraudulent scheme."

5. "Res judicata will preclude relitigation of a claim where the earlier decision was a final judgment on the merits rendered by a court of competent jurisdiction, in a case involving the same parties or their privies, where the same cause of action is asserted in the later litiga-

tion." *Amalgamated Sugar Co. v. NL Industries, Inc.*, 825 F.2d 634, 639 (2d Cir.1987). "Res judicata can bar claims that might and should have been raised but where not, [however] for Anti–Injunction Act purposes, only [claims that were actually litigated in the federal action] can be enjoined [by the relitigation exception]." *Staffer v. Bouchard Transportation Co.*, 878 F.2d 638, 643 (2d Cir.1989).

5, *et seq.*, and the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.* These claims were not asserted in the federal action and accordingly, they are not barred by the doctrine of *res judicata.*[6] However, given the multidistrict character of this litigation, and the intolerable conditions that could ensue from conflicting orders from different courts, including duplicative and inconsistent rulings on discovery disputes, the court invokes the "necessary and in aid of jurisdiction" exception of the Anti–Injunction Act and enjoins the plaintiffs-insurers from further litigation of any aspect of the Trustmark action. *See Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir.1996) ("courts have extended the exception to consolidated multidistrict litigation, where a parallel state court action threatens to frustrate proceedings and disrupts the orderly resolution of the federal litigation.")

## CONCLUSION

For the foregoing reasons, SBCL's motion to enjoin the Trustmark action is GRANTED (document no. 298). The plaintiffs-insurers and their counsel are permanently enjoined from prosecuting or commencing any causes of action or claims against SBCL in the courts of the state of Illinois or any other state arising out of or related to SBCL's alleged fraudulent billing activity from 1989 to 1995.

---

**6.** The doctrine of collateral estoppel would preclude the Illinois statutory claims if such claims were based on issues actually litigated and determined here. *See International Ass'n of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 132 (5th Cir.1975). There has been no showing, however, of identity of issues.