**In re REZULIN PRODUCTS LIABILITY LITIGATION (MDL No. 1348).**

**No. 00 Civ. 2843(LAK).**

United States District Court, S.D. New York.

June 21, 2004.

Zoe B. Littlepage, Littlepage Booth, Houston, TX, Vincent J. Carter, Phoenix, AZ, Thomas V. Girardi, Girardi & Keese, Los Angeles, CA, for Certain Plaintiffs.

David Klingsberg, Steven Glickstein, Maris Veidemanis, Wendy S. Dowse, New York City, Kaye Scholer LLP, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Defendants Warner–Lambert and affiliates move, pursuant to Fed.R.Civ.P. 37(b), for sanctions against several hundred plaintiffs on the ground that they willfully have failed to comply with this Court's discovery orders.

The motion was brought only after these plaintiffs thwarted defendants' efforts to conduct discovery concerning their claims by their persistent failure to provide discovery despite orders of this Court and warning letters from defense counsel. The sanctions sought are dismissal on the merits with prejudice and an injunction under the All Writs Act[1] barring the dismissed plaintiffs and their counsel from re-filing their Rezulin actions in any court.

## I. *Background: The Context of this Motion.*

These actions are among thousands seeking recovery in state and federal courts for personal injuries allegedly resulting from the use of the prescription diabetes medication Rezulin, formerly manufactured by defendants Warner–Lambert Co. and its Parke–Davis division. More than one thousand such cases have been consolidated here for pretrial proceedings by the Judicial Panel on Multidistrict Litigation.[2]

### A. *Amended Pretrial Order 2 and Pretrial Order 4.*

Virtually all of the cases before the Court seek recovery for personal injuries. Thus, while plaintiffs' discovery against the manufacturer defendants concerns predominantly common issues, defendants' discovery includes inquiry into the particular circumstances of the plaintiff.

At the outset of the litigation, the Court, after obtaining extensive input from counsel, approved a so-called Fact Sheet seeking case specific information such as when the plaintiff took Rezulin, the nature of the medical condition for which it was taken, the nature of the alleged injuries, and the identities and addresses of medical providers, employers and insurers.[3] Each plaintiff was ordered to complete a Fact Sheet under oath and to return it to the defendants with completed authorizations for medical, insurance and employment records. The responses are to be treated as interrogatory answers and are intended to enable the defendants to investigate plaintiffs' claims and to proceed with depositions, motions or other appropriate measures.

Under Pretrial Order 2, the initial scheduling order,[4] plaintiffs in cases that were transferred by the Multidistrict Panel to, and docketed in, this Court on or before December 13, 2000 were obliged to serve completed Fact Sheet responses forty days after approval of the Fact Sheets and thus on or before January 15, 2001.[5] Responses by plaintiffs in cases docketed subsequent to December 13, 2000 are due on or before the fortieth day after the docketing of their cases in this Court.[6]

PTO 2 authorized the defendants to send warning letters to plaintiffs whose disclosures were untimely and/or inadequate, identifying deficiencies in the responses and advising that failure to comply fully with the Order could result in dismissal of plaintiffs' actions.[7] Thus, plaintiffs have known from the outset that noncompliance with Fact Sheet discovery could result in dismissal.

### B. *Pretrial Order 208*

Nevertheless, many plaintiffs failed to serve Fact Sheets or provided materially incomplete responses, *e.g.,* Fact Sheets without sworn declarations and/or authorizations.

---

1. 28 U.S.C. § 1651.

2. Many were commenced in a state court and removed by defendants on the basis of diversity of citizenship.

3. Pretrial Order No. 4 ("PTO 4") ¶ 1, 3.

4. PTO 2 was superseded by Amended PTO 2 ("PTO 2"), which now governs the schedule in these cases.

5. PTO 2 ¶ 2.5.2.2; PTO 4 ¶¶ 1–2.

6. PTO 2 ¶ 2.5.2.2.

7. PTO 2 ¶ 2.5.2.3. This provision of PTO 2 stated that "[i]n the event a plaintiff fails to serve a timely and sufficient response to the questionnaire, including all necessary documents and authorizations, defendants may send a warning letter to the plaintiff's counsel of record with a copy to the [Plaintiffs' Executive Committee ('PEC')] identifying the deficiencies in that plaintiff's response and warning that the failure to provide all of the required information within thirty days of the date of the letter may result in the dismissal of that plaintiff's action."

The defendants sent hundreds of deficiency letters seeking compliance and warning of possible sanctions, but these requests and warnings went unheeded by many.

The magnitude of non-compliance became evident in late 2003. Notwithstanding two warning letters from defense counsel advising them of their noncompliance and reminding them of possible dismissal by the Court, approximately 1,015 plaintiffs remained in default.[8] These delinquencies remained largely uncured despite several conferences at which the PEC and the defendants worked with the Court on drafting an order that would secure compliance.[9] Finally, the Court issued PTO 208 on November 11, 2003.

### 1. *The Extended Compliance Deadline*

PTO 208 granted a final opportunity for compliance to the 1,015 plaintiffs who remained in default under PTO 2.[10] It granted an additional 45 days to these plaintiffs to serve *complete* Fact Sheets [11] and warned unequivocally that the Court would treat noncompliance under PTO 208 as a "willful failure" to obey its discovery orders that could result in dismissal on the merits with prejudice and injunctive relief. The order provided in relevant part:

"1. If any plaintiff identified in Attachment 1 does not serve a fully completed Fact Sheet, including all necessary documents and authorizations on Defendants' Counsel (Kaye Scholer LLP) within forty-five (45) days of the date of this Order, this Court, upon motion, *may dismiss the delinquent plaintiff's action with prejudice*

*and/or impose other sanctions, which may include monetary penalties, based upon that plaintiff's willful failure to comply with the Court's discovery orders.*

"2. Dismissals made under the Order will be on the merits with the intent that any further claim by a dismissed plaintiff arising as a consequence of his or her treatment with Rezulin shall be precluded.

"3. The Court also may issue an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, enjoining plaintiffs and their counsel from re-filing in any court any claim or action so dismissed." [12]

The order included also a provision that required counsel for plaintiffs who were in default under PTO 208, and against whom defendants had moved to dismiss, to provide their client(s) with a copy of PTO 208 within 21 days of the filing the motion and to advise their client(s) of the sanctions that could follow in the event of their continued noncompliance.[13]

In sum, PTO 208 granted the 1,015 delinquent plaintiffs a final 45–day grace period, thus fixing a deadline of December 19, 2003 for those subject to the order. Plaintiffs then received an additional three-week extension courtesy of defendants, who notified counsel for all affected plaintiffs that, in view of the various holidays, completed Fact Sheets would be considered timely if submitted by January 9, 2004.[14]

### 2. *Effect of PTO 208*

PTO 208 was not entirely without effect. Following its issuance, the number of non-

8. *See* Dowse Aff., Ex. C (template for First Warning Letter sent to plaintiffs); Dowse Aff., Ex. D (template for Second Warning Letter sent to plaintiffs).

9. *See* Dowse Aff., Exs. E–G (transcript excerpts of April 9, 2002, July 29, 2002 and November 15, 2002 conferences).

10. Attachment I to PTO 208 identified each noncompliant plaintiff by name and case caption and set forth the two dates on which defense counsel had sent deficiency letters to each plaintiff's counsel warning of possible dismissal under PTO 2.

11. PTO 208 ¶ 1.

12. *Id.* ¶ 3 (emphasis added).

13. PTO 208 ¶ 4 ("Any attorney who represents a plaintiff who has not served a fully completed Fact Sheet, including all necessary documents and authorizations, and as to whom a motion to dismiss has been made as provided herein, no later than twenty-one (21) days after the date hereof shall provide a copy of this Order to that plaintiff and advise that plaintiff of the sanctions that may be imposed. Additional sanctions may be imposed upon any attorney who fails to notify his or her client as provided herein and the Court may bring to the attention of disciplinary authorities in any state the failure of any attorney to bring this Order to the attention of his or her client.")

14. Dowse Aff., Ex. H, November 13, 2003 Letter to Affected Counsel from Steven Glickstein.

compliant plaintiffs decreased from 1,015 to fewer than 500. As of late February 2004, however, more than 400 remained delinquent. Of these, most had served no Fact Sheets at all. Some had served Fact Sheets lacking the requisite sworn declarations and/or medical authorizations, deficiencies that are material. Among other things, the lack of sworn declarations diminished the evidentiary value of the responses, and the lack of authorizations has prevented the defendants from conducting essential discovery of doctors, employers and insurers and from conducting meaningful depositions of these plaintiffs. Indeed, without authorizations, defendants have been unable to determine such basic facts as whether certain plaintiffs even took Rezulin. More to the point, the Court's orders were clear from the beginning that plaintiffs were required to make complete, not piecemeal or partial, disclosures.[15]

## II. The Present Motion

On February 27, 2004 defendants moved for sanctions. As of this writing, the motion applies to over 400 plaintiffs, most of whom served no Fact Sheets and many of whom served materially incomplete responses.[16] Among these plaintiffs, nearly 300 filed no response to the sanctions motion.[17] Oppositions were filed on behalf of certain plaintiffs represented by the firm of Littlepage Booth and others represented by the firm of Girardi & Keese.

### A. Admissions of Default

At the outset, it is undisputed that all of the plaintiffs now subject to the motion—including those who opposed it and those who did not—are in material breach of their discovery obligations and in default under PTO 208. In other words, during the 60 days following the entry of PTO 208, these plaintiffs did nothing.

The Littlepage and Girardi firms argue, for the most part, that dismissal would be inappropriate. Each firm has grouped its respective clients into three categories according to criteria that appear to be neither logical nor material. As best as the Court can determine, the plaintiffs who have appeared through these counsel fall into three groups: some who even counsel admit should be sanctioned, some who served Fact Sheets after defendants filed their motion, and yet others who promise to do so at an unspecified time in the future and seek more time. A few of the Littlepage plaintiffs also offer excuses for their failure to comply with PTO 208. As explained below, none of these contentions is persuasive.

### B. The Littlepage Plaintiffs

Littlepage has subdivided its delinquent plaintiffs into Groups 1, 2 and 3.

#### 1. Group 1

This group consists of 19 plaintiffs who "have never submitted a fact sheet nor have they made any effort to do so."[18] Littlepage

15. PTO No. 2 ¶2.5.2.3 and PTO No. 208 ¶4 expressly required that plaintiffs serve "fully completed" Fact Sheets, "including all necessary documents and authorizations." Amended PTO No. 2 fixed a deadline for serving "completed sworn questionnaires with the required documents and duly executed authorizations." PTO No. 4 ¶ 1. It stated also that the Fact Sheet, "including requests for medical employment and insurance authorizations and other pertinent documents, is to be completed under oath by all plaintiffs." Defendants' initial warning letter (Dowse Aff., Ex. C) reiterated the Courts' admonition that "failure to provide all of the required information within 30 days of the date of this letter may result in dismissal of Plaintiff's action."

16. These plaintiffs all are listed in Schedule A, which reproduces Amended Exhibits A and B, which the defendants filed with the Court and served on plaintiffs' counsel on March 26, 2004.

No objections have been made as to the accuracy of Amended Exhibits A and B. When first filed, the motion named 471 plaintiffs. During the briefing period, however, defendants withdrew the motion as to a number of plaintiffs and agreed to extensions of time for others.

17. See Schedule A.

18. Pl. Mem. at 4. The plaintiffs in Littlepage Group 1 are: 01 Civ. 11878 (Linda Lewis), 02 Civ. 1720 (Ruth Brown), 02 Civ. 1721 (Terri Cadoree), 02 Civ. 1722 (Betty Lou Cater), 02 Civ. 1723 (Jackie McCorkle, Maggie Mosley, Diana Trimble), 02 Civ. 1724 (Camile Harris), 02 Civ. 6824 (Willam McGee, Virginia Sadler), 02 Civ. 8395 (Gregg Douglass), 02 Civ. 8396 (Frank Olivarri), 02 Civ. 8398 (Benjamin Hathoot), 03 Civ. 2865 (Lula Brown), 03 Civ. 2866 (J. Mallory, Virginia Richardson), 03 Civ. 2867 (Richard Day, Allen Handy, Paul Spates). See Pl. Mem. at 4–5.

essentially concedes their inexcusable default and allows that dismissals with prejudice "might be appropriate." For reasons stated below, the Court agrees.

### 2. *Group 3*

Littlepage's Group 3 consists of 22 plaintiffs who served no, or materially incomplete, Fact Sheets. They oppose sanctions based on promises to perform at some future date.[19] Littlepage "estimates that it will take two weeks to complete submissions of the required materials for these Plaintiffs"[20] and asks the Court to grant them an equivalent extension of time. While the point is immaterial, there is no evidence that any of these promises were fulfilled in the twelve weeks since they were made.

### 3. *Group 2*

The 17 plaintiffs in Littlepage's Group 2 admit to serving Fact Sheets that were materially incomplete either because they lacked the HIPAA-compliant medical authorizations or the plaintiff's verification.[21]

*First,* these plaintiffs argue that their defaults under PTO 208 were excusable because they "never received any type of written deficiency notice regarding the inadequacy(ies) [sic] of their fact sheet,"[22] or a "subsequent warning letter generated *after* Defendants received the Plaintiff's fact sheet notifying that Plaintiff that either their medical authorization or declaration was deficient."[23] They go on to claim that, despite not receiving a third warning letter,

their counsel has "since has learned that these Plaintiffs' fact sheets were submitted without HIPPA [sic] compliant medical authorizations or unsigned declarations" and now is "diligently" gathering responsive documents.[24]

The defendants rejoin that it was not their obligation to point out inadequacies in the disclosures that plaintiffs' counsel served on defendants. In any event, they contend, plaintiffs' counsel was well aware that three Court orders required production of "fully completed" Fact Sheets and Fact Sheets "including all necessary documents and authorizations."[25]

Further undermining plaintiffs' excuse of ignorance, defendants contend, is Ms. Littlepage's extensive experience with Rezulin cases. They note that she represents more than 1,200 Rezulin plaintiffs, including more than 400 in this MDL, and has tried six Rezulin cases. In consequence, defendants argue that plaintiffs' continued noncompliance, at this late date, warrants dismissal.

Defendants contend also that they have suffered actual prejudice as a result of plaintiffs serving Fact Sheets without authorizations and/or declarations because these omissions deprived them of the information necessary to move the cases forward to resolution by motion or trial.

*Second,* the Group 2 plaintiffs argue that their cases should not be dismissed because they began to make diligent efforts to comply after the defendants moved for sanc-

---

19. Specifically, they state that they "intend to pursue their claim but are still completing their fact sheet or are supplementing their already submitted fact sheet with the appropriate medical authorization and/or signed declaration." Pl. Mem. at 6.

   The plaintiffs in Littlepage Group 3 are: 01 Civ. 11878 (Robert Barnes, Jr.), 02 Civ. 1721 (Walter Bowie), 02 Civ. 1722 (Vernon Weaver), 02 Civ. 1723 (John Boen, Pearlie Carter, E.V. Gates, Tommy Jefferson, Eva Mendoza), 02 Civ. 8395 (Frank Gamez), 03 Civ. 8396 (George Preston, Helen Thomas), 02 Civ. 8398 (John Allison, Donald Lavrine Jr.), 03 Civ. 2862 (Benedicto Ortiz), 03 Civ. 2864 (Joe Bledsoe, Horace Thompson), 03 Civ. 2865 (Evelyn Best, Lula Brown, Alma Gainer), 03 Civ. 2866 (Thelma Smith, Alfonso Williams Sr., Carl Zech).

20. Pl. Mem. at 7.

21. Pl. Mem. at 5. The plaintiffs in Littlepage Group 2 are: 02 Civ. 1719 (Helen Burge, Glenda McCullough), 02 Civ. 1723 (Lettie Sharp), 02 Civ. 8395 (Raymond Davio), 02 Civ. 8397 (Leslie Collins), 03 Civ. 2861 (Joann Farmer, Cynthia Malone, Guy Matthews, Hilda McElhaney, Beverly Ruegg, Ruby Stokes), 03 Civ. 2863 (Mike Hart, Helen Mosely), 03 Civ. 2866 (Eleanor Ivanowski, Clara Miron, Alfredo Sanchez, Kenneth Shaw).

22. *Id.*

23. *Id.* (emphasis in original).

24. Pl. Mem. 5–6.

25. *See* PTO 2 ¶ 2.5.2.3, PTO 208 ¶ 4, PTO4 ¶ 1.

tions. Counsel states conclusorily that, in response to the sanctions motion, she "has been actively obtaining HIPAA compliant medical authorizations and signed declarations and forwarding them to the Defendants, most recently on March 10th and 11th." [26] These "supplements," plaintiffs vaguely contend, "in many cases remedy the alleged deficiencies allowing the Defendants to move forward with their investigation of each Plaintiff's respective claims without any prejudice." [27]

Defendants counter that all missing authorizations or signed declarations that were served beginning on March 10th are untimely and, given the extensive opportunities for compliance that plaintiffs forfeited—before and after PTO 208—this last-ditch attempt at compliance simply is too little, too late.

Finally, Littlepage asserts that a finding of "willfulness, fault or blatant neglect required to dismiss these Plaintiffs' claims without considering their underlying merit" [28] is foreclosed by the fact that these plaintiffs allegedly sprang into action in response to the the defendants' sanctions motion.

### C. The Girardi Plaintiffs

The Girardi firm divided its plaintiffs into three subgroups that are listed in Exhibits 1, 2 and 3 to the declaration of Vincent J. Carter, Esq.

#### 1. Plaintiffs in Girardi Exhibit 3

The plaintiffs listed in Exhibit 3 "have not yet completed Fact Sheets and Authorization [sic] as required under the Court's Order [sic]," [29] so plaintiffs "request additional time in which to comply with Pretrial Order No. 208." [30] Plaintiffs' counsel assert that they "have made diligent efforts to obtain completed Fact Sheets." [31] The implication here is that these plaintiffs have refused to coop-erate with discovery despite their own counsel's efforts.

Defendants argue that the Court has ample warrant to dismiss the claims of these plaintiffs who indisputably ignored the deadline imposed by PTO No. 2 (requiring submission of Fact Sheets "within 40 days of the docketing of the case"), ignored defendants' warning letters and then ignored the final warning in PTO 208. In these circumstances, they argue, plaintiffs' counsel's conclusory assertion of "diligent efforts" is insufficient to avoid dismissal.

Defendants note also, and plaintiffs do not dispute, that Mr. Girardi is highly experienced in Rezulin litigation. He reportedly represents more than 1,000 Rezulin plaintiffs, including more than 350 in the MDL, as well as many others in cases that are in the process of being transferred to this MDL. In addition, he is lead counsel in the coordinated Rezulin proceeding in California Superior Court.

#### 2. Plaintiffs in Girardi Exhibits 1 & 2

All 22 plaintiffs in Exhibits 1 and 2 who remain subject to the motion admittedly are in material default of PTOs 2, 4 and 208. All, save two, tried to serve outstanding discovery on the defendants *after* the sanctions motion was filed. No reason is offered why any of these plaintiffs failed to comply with the final Court-ordered deadline. Nor is there a description of what, if any efforts, counsel or its clients made between the date of PTO 208 and the filing of the sanctions motion to comply with it.

The defendants maintain that in view of the fact that before defaulting under PTO 208 these plaintiffs previously had ignored the PTO 2 deadline and the defendants' two warning letters, these plaintiffs' belated post-motion disclosures are a "last-ditch attempt at compliance [that] is too little, too late." [32]

---

26. Pl. Mot., Ex. A (referring to materials sent for 8 plaintiffs).

27. Pl. Opp. 6.

28. Pl. Opp. 6–7. The argument seems to be asserted on behalf of all the Littlepage plaintiffs even though many of them have admitted that even after the defendants filed their motion they failed to cure their respective defaults.

29. Carter Decl. ¶ 4.

30. Pl. Mem. at 2.

31. *Id.*

32. Def. Reply 3.

This leaves the two remaining plaintiffs in Exhibit 1: Mason (02 Civ. 3471) and Weiss (03 Civ. 1758), as to whom the record is bare of any evidence that any portion of Fact Sheet discovery ever was served. According to plaintiffs' counsel, Mason allegedly served a Fact Sheet on March 11, 2004. But no supporting evidence is offered and defendants deny ever receiving one. Weiss claims that she timely served a Fact Sheet on January 8, 2004, but defendants claim to have no proof of service before March 11, 2004. Plaintiff has submitted no evidence to the contrary. In sum, these plaintiffs offer no persuasive proof of even partial compliance with any of the Court's discovery orders and no arguments to excuse or justify their noncompliance.

III. *Discussion.*

A. *Rule 37(b) Sanctions*

1. *Standard*

■ Rule 37(b)(2) provides, in pertinent part, that when "a party fails to obey an order to provide or permit discovery," the Court may "make such orders in regard to the failure as are just," including "[a]n order striking out pleadings or parts thereof ..." The imposition of sanctions under Rule 37 is within the discretion of the district court, and a decision to dismiss an action for failure to comply with discovery orders will be reversed only if the decision constitutes an abuse of that discretion.[33]

■ The purpose of sanctions under Rule 37 is threefold. The first is to prevent a party from benefitting from its own failure to comply with orders. The second is to effect specific deterrence and to secure compliance with particular orders issued. The third is general deterrence "in the case at hand and on other litigation, provided that the party against whom [sanctions] are imposed was in some sense at fault."[34] In regard to general deterrence, the Court of Appeals has emphasized that the harsh remedy of dismissal in an appropriate case is "necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a 'paper tiger.'"[35] It has made clear that it intends "strictly to enforce sanctions provided for noncompliance with discovery orders"[36] and that a "party who flouts such orders does so at [its] peril."[37] Moreover, although sanctions such as dismissal are "strong medicine," they are "necessary on appropriate occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators."[38]

2. *Willfulness, Bad Faith or Fault.*

■ Before imposing case-dispositive sanctions, a district court first must find that the party's failure to comply with discovery is a product of "willfulness, bad faith, or ... fault" rather than mere "inability."[39]

■ In this case, the plaintiffs in question have breached their obligations materially, willfully and in bad faith. They ignored the deadlines by which they were ordered in PTO 2 to serve completed Fact Sheets. They ignored two warning letters from defense counsel. Then they ignored the final deadline set by the Court in PTO 208. They failed to act despite the fact that the orders warned unequivocally that noncompliance could result in case-dispositive sanctions. Moreover, with one immaterial exception, plaintiffs have offered no excuse at all for these failures.

**33.** *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (*per curiam*)).

**34.** *Update Art, Inc. v. Modiin Publishing*, 843 F.2d 67, 71 (2d Cir.1988).

**35.** *Id.* at 71 (quoting *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1064 (2d Cir.1979) (internal citations omitted)).

**36.** *Id.* at 68.

**37.** *Id.* at 73.

**38.** *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir.1991) (citing *National Hockey League*, 427 U.S. at 643, 96 S.Ct. 2778).

**39.** *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

The only plaintiffs who even raise a claim of excuse are those in Littlepage's Group 2. They did not know that their responses were materially deficient, they assert, because the defendants did not sent them a third warning letter.

This excuse rings hollow, as the two deficiency letters sent to these very plaintiffs proved utterly ineffective. Moreover, the suggestion that it was up to the defendants to advise plaintiffs' lawyers that the discovery they provided was missing declarations or authorizations is absurd. Indeed, the most favorable inference to be drawn from this contention is that plaintiffs and their counsel were grossly negligent in failing to know of, and timely to obey, the Court's discovery orders, which itself would warrant severe sanctions under Rule 37.[40] The uncontradicted evidence, however, is that the Littlepage firm is highly experienced as Rezulin counsel, which undermines any suggestion that the failure of the Littlepage Group 2 plaintiffs to serve timely and adequate responses was the product of anything but willfulness or bad faith.

■ A further claim is made by the Littlepage plaintiffs who promise future compliance or allege compliance by dint of serving discovery after the sanctions motion was filed. They argue that their post-motion activities preclude a finding of "willfulness, fault or blatant neglect required to dismiss these Plaintiffs' claims without considering their underlying merit."[41] Plaintiffs cite no authority for the proposition that conduct engaged in *after* the filing of a sanctions motion is relevant to determining whether conduct *preceding* a sanctions motion evidenced willfulness, bad faith or fault. Moreover, as discussed further below, it is within the district court's discretion to treat as immaterial to the sanctions analysis a party's efforts at belated compliance on a record like the one presented here.

In these circumstances, the Court finds that the failure of all the plaintiffs now subject to this motion to produce complete Fact Sheets in response to PTO 2 and PTO 208 was willful.

### 3. Other Factors in the Sanctions Analysis.

■ Having concluded that there has been a willful failure to comply with its orders, the Court now considers the appropriate sanctions. Relevant factors include (1) the efficacy of lesser sanctions, (2) the duration of the period of noncompliance, and (3) whether the non-compliant party has been warned of the consequences of his non-compliance.[42]

### a. Futility of Lesser Sanctions.

The Court has considered lesser sanctions and concluded that they would be futile and ineffective to deter these plaintiffs from repeating their conduct or to deter litigants in this MDL and in general from engaging in dilatory tactics. The lesser sanction of an extension of time would be futile too; it already has failed. Most recently, plaintiffs inexcusably disregarded an order granting a 45 day extension and warning unequivocally that the possible consequences of non-compliance included case-dispositive sanctions. Additional discovery orders, moreover, would only multiply discovery-compliance proceedings—in circumstances where the likelihood of their efficacy is slim—at a time when the Court's resources should be devoted to the vast majority of these consolidated cases which have not been stalled by recalcitrant plaintiffs and are nearing resolution on the merits or trial-readiness.[43]

■ Some of the plaintiffs contend that their efforts to serve piecemeal fragments of overdue discovery in response to the defendants' sanctions motion preclude the imposition of drastic sanctions. This argument ignores the Supreme Court's instruction that sanctions be weighed in light of the full rec-

---

**40.** *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1068 (2d Cir.1979) (gross negligence in discovery may amount to fault sufficient to justify marshaling the "full range of [Rule 37] sanctions").

**41.** Pl. Opp. 6–7.

**42.** *See Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 852 (2d Cir.1995); *see also Davidson v. Dean,* 204 F.R.D. 251, 255 (S.D.N.Y.2001).

**43.** *See Bambu Sales Inc.,* 58 F.3d at 852.

ord in the case.[44] Applying this standard, the Court of Appeals in *Cine Forty–Second Street* rejected a similar attempt to avoid sanctions based on belated compliance in response to a sanctions motion, reiterating that:

> "compulsion of performance in the particular case at hand is not the sole function of Rule 37 sanctions. Under the deterrence principle of *National Hockey*, plaintiff's hopelessly belated compliance should not be accorded great weight. Any other conclusion would encourage dilatory tactics, and compliance with discovery would come only when the backs of counsel and the litigants were against the wall." [45]

These principles apply here. In consequence, the Court accords little weight to the fact that some plaintiffs, after months and often years of unexplained inaction, attempted to serve some overdue discovery after the defendants filed their sanctions motion.

On similar, but even weaker, footing stands the claim of plaintiffs who seek to reassure the Court and defense counsel with promises to furnish outstanding Fact Sheets if they are granted additional time. Regrettably, in light of the plaintiffs' conduct so far, the Court is not reassured. Plaintiffs' promises of future compliance materialized only when their backs were against the wall of impending sanctions.[46] To allow such claims to defeat this motion would render the sanctions provisions of Rule 37 a "paper tiger."

In any event, the Court is unwilling, as plaintiffs implicitly urge, to manage discovery compliance in this vastly complicated MDL through the device of sanctions motions. Such an approach, among other things, would require the Court to devote a disproportionate share of its resources to the continuous supervision of Fact Sheet discovery—"a result directly contrary to the overall scheme of the federal discovery rules" [47]—at the expense of all other matters in these proceedings which other parties are working so hard to move forward. Indeed, this is a "particularly appropriate [case] for implementing the general deterrent purpose of Rule 37(b)(2)(C)." [48] There are more than 1,000 cases—encompassing many more plaintiffs—consolidated in this MDL while new tag-along actions continue to be transferred on a rolling basis. To accept the plaintiffs' implicit argument that the Court's discovery and case management orders may be flouted freely by any plaintiff because the Court will indulge further extensions after the defendants file sanctions motions would reward noncompliant plaintiffs for their misconduct while effectively bringing hundreds of these cases to a near-halt as a result of fact-discovery compliance issues. This would be unacceptable.

b. *Duration of Period of Non-compliance.*

While many of the actions subject to this motion were docketed at the time of the MDL transfer order, some were docketed subsequently as tag-along cases, so the lengths of periods of noncompliance vary. But they do not vary materially because the fact remains that they are substantial,[49] and no plaintiff who has opposed the motion has argued otherwise. Moreover, the simple fact is that all of the plaintiffs who are subject to this motion inexcusably did nothing in the 60 days following PTO 208.

---

44. *See National Hockey League,* 427 U.S. at 641–42, 96 S.Ct. 2778.

45. *Cine Forty–Second Street,* 602 F.2d at 1068 (upholding district court's preclusion of damages evidence for failure timely to answer damages interrogatories despite two court orders even where defendant served responses after filing of sanctions motion); *see also Bambu Sales* (upholding district court's grant of default judgment against defendant for failing to comply with orders requiring deposition where defendant finally submitted to deposition only under threat of default judgment).

46. The Court's concern is not speculative, as there already is pending before the Court a second sanctions motion against certain Littlepage plaintiffs to whom the defendants granted an extension for compliance with PTO 208.

47. *Cine Forty–Second,* 602 F.2d at 1068.

48. *International Mining Co., Inc. v. Allen & Co.,* 567 F.Supp. 777, 790 (S.D.N.Y.1983).

49. The most recently filed case in this motion was docketed in this district on May 15, 2003. The vast majority of the cases *sub judice* were docketed in 2000, 2001, and 2002. *See* Schedule A attached to this opinion.

■ Plaintiffs cite *International Mining Co. v. Allen & Co.*[50] for the general proposition that a "litigant's due process rights are implicated when its claims are extinguished on a motion under Rule 37." This principle is not in dispute, but it is as unhelpful to these plaintiffs as it was to the plaintiff *International Mining*. The court there dismissed the complaint under Rule 37 after finding that the plaintiff "[did] not take its discovery obligations or this court's orders seriously."[51] It held that

> "dismissal of [plaintiff's] complaint will not deprive it of due process. It has had ample opportunity to be heard on this motion and certainly was aware that its failure to comply with the discovery rules and the orders of this court could result in dismissal."[52]

The same is true of the plaintiffs here.

### c. *Warnings of Consequences of Non–Compliance.*

All of the plaintiffs here unquestionably were on notice that their cases might be dismissed for noncompliance and none has argued otherwise. The warnings they received in PTO 2 and PTO 208, and in the two letters sent by defense counsel, were clear.

In all the circumstances, the Court finds that dismissal on the merits with prejudice is warranted under Rule 37 and that the purposes of the Rule thereby are served.

### IV. *Injunctive Relief.*

■ Defendants repeatedly have raised the concern that plaintiffs dismissed with prejudice under Rule 37(b)(2) might re-file their actions elsewhere and that certain state courts in which such actions might be filed would not accord *res judicata* effect to this Court's judgment.[53] Against this possibility, the defendants move for an injunction under the All Writs Act,[54] barring the plaintiffs dismissed by this order from re-filing their Rezulin actions in another court. No opposition has been filed to this branch of the motion.

■ The All Writs Act empowers a district court with authority to issue writs "necessary or appropriate in aid of" its jurisdiction.[55] This phrase embraces such writs "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued"[56] and injunctions to prevent the re-litigation of a federal court's judgments, even if *res judicata* could be invoked in a subsequent suit.[57]

An injunction under the All Writs Act is appropriate this case. Absent an injunction, many of these plaintiffs might well bring new state court actions, attempt to prevent removal by joining non-diverse defendants, and then seek to challenge in state courts the preclusive effect of this court's judgment, thus multiplying and fragmenting the litigation. In view of the extensive efforts by some plaintiffs to defeat federal jurisdiction in many of these cases, this is not a speculative concern.[58] This Court is not required to "stand idly by and hope that [a] state court" accords preclusive effect to its rulings before issuing an otherwise appropriate injunction.[59]

---

50. *International Mining Co., Inc.*, 567 F.Supp. at 790.

51. *Id.* at 786.

52. *Id.*

53. *See* Apr. 2, 2002 Tr. at 22–28; July 29, 2002 Tr. at 10–14; Nov. 15, 2002 Tr. at 38–42.

54. 28 U.S.C. § 1651(a).

55. *Id.*

56. *United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977).

57. *See In re Baldwin–United Corp. Ins. Litig.*, 770 F.2d 328, 335 (2d Cir.1985) (citing *United States*

*v. New York Telephone*, 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977)); *see also Lacks v. Fahmi*, 623 F.2d 254, 257 (2d Cir.1980); *Redac Project 6426, Inc. v. Allstate Ins. Co.*, 412 F.2d 1043, 1047–8 (2d Cir.1969).

58. *See, e.g., In re Rezulin Prod. Liab. Litig.*, 133 F.Supp.2d 272 (S.D.N.Y.2001); *In re Rezulin Prod. Liab. Litig.*, 168 F.Supp.2d 136 (S.D.N.Y. 2001); *In re Rezulin Prod. Liab. Litig.*, 2003 WL 1900870 (S.D.N.Y. April 16, 2003) (PTO 140); *In re Rezulin Prod. Liab. Litig.*, 2002 WL 226409 (S.D.N.Y.2002) (PTO 56).

59. *See Blue Cross of California v. SmithKline Beecham Clinical Labs.*, 108 F.Supp.2d 130, 136 (D.Conn.2000) (quoting *International Ass'n of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 132 (5th Cir.1975)).

Moreover, equity traditionally has sought to protect litigants from being subjected to a needless multiplicity of actions.[60] Accordingly, the Court is persuaded that the injunction sought here is necessary and appropriate in aid of its jurisdiction so as to prevent the frustration of its prior discovery orders, ensure the preclusive effect of its order dismissing the actions of plaintiffs who willfully disregarded those prior orders, and to prevent a multiplicity of actions.

This relief is not unique. Analogous writs have been issued by other MDL courts, including in *In Re Corrugated Container Antitrust Litig.*, where the Fifth Circuit upheld an injunction, issued by the district court presiding over a complex antitrust MDL, that barred plaintiffs who had been dismissed from the MDL from pursuing related claims against the same defendants in a South Carolina state court.[61] The injunction was upheld as necessary "to protect or effectuate [the] judgments [of the MDL court]," based on the district court's specific findings that the plaintiffs' attorneys had "taken, and manifested an intention to continue to take, actions threatening this court's exercise of its proper jurisdiction and the effectuation of its judgments, by filing and threatening to file duplicative and harassing litigation in the courts of various states and by seeking therein orders disrupting the proceedings in M.D.L. 310." [62]

Finally, there is no suggestion that a judgment of this Court dismissing the subject actions on the merits with prejudice in consequence of the willful violation of this Court's discovery orders would not be entitled, as a matter of federal law made controlling by the Supremacy Clause, to preclusive effect in a state court. While the precise question has not been decided yet in this Circuit, the sign posts are clear that the Supreme Court, if called upon to decide the issue, would extend preclusive effect to this Court's order.[63]

## V.  Conclusion.

For the reasons stated, the defendants' motion for sanctions and injunctive relief [00 Civ. 2843, docket item 1816, 1817] is granted as set forth above. The claims of the plaintiffs listed on Schedule A (in both Amended Exhibits A and B) all are dismissed on the merits and with prejudice. All plaintiffs there listed and their counsel, present and future, are enjoined from filing any further actions arising out of these plaintiffs' purchase or use of Rezulin.

SO ORDERED.

---

**60.**  *See Graves v. Texas Co.*, 298 U.S. 393, 403, 56 S.Ct. 818, 80 L.Ed. 1236 (1936); 1 Pomeroy, Equity Jurisprudence §§ 252, 253 (4th ed.1918).

**61.**  659 F.2d 1332, *cert. denied. sub nom. Three J. Farms, Inc. v. Plaintiffs' Steering Committee*, 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982).

**62.**  *Id.* at 1335.

**63.**  *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) (*dictum*) ("[i]f, for example, state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule to [that which makes state law on claim-preclusion determinative of the preclusive effect of a judgment issued by a federal court sitting in diversity].")

## SCHEDULE A[64]

## Defendants' Amended Exhibit A

## Plaintiffs Who Failed to Provide Fact Sheets
## After Two Warning Letters As of February 19, 2004

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 00 Civ. 5124<br><br>*Tina Florman* | Florman, Tina | 03/05/01 | 02/22/02 |
| 00 Civ. 6070<br><br>*Carmella Lomboy* | Lomboy, Carmella | 03/05/01 | 02/11/02 |
| 00 Civ. 6082<br><br>*Joanne Lesinskas* | Lesinskas, Joanne | 03/05/01 | 06/28/02 |
| 00 Civ. 6083<br><br>*John E. Jenkins* | Jenkins, John E. | 03/05/01 | 02/08/02 |
| 00 Civ. 7057<br><br>*Jorge L. Serrano Molina* | Serrano-Molina, Jorge L. | 03/05/01 | 02/11/02 |
| 00 Civ. 7058<br><br>*Antonio Guerra Valentin* | Guerra-Valentin, Antonio | 03/05/01 | 02/12/02 |
| 00 Civ. 7062<br><br>*Rafael Aranda Ramos* | Aranda-Ramos, Rafael | 03/05/01 | 02/12/02 |

64. An asterisk indicates that the plaintiff opposed the defendants' sanctions motion. Plaintiffs not marked with an asterisk did not oppose the motion.

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 00 Civ. 7065<br><br>*Nilsa Laracuente* | Laracuente, Nilsa | 03/05/01 | 02/12/02 |
| 00 Civ. 8076<br><br>*Juan Galloza-Ruiz* | Galloza-Ruiz, Juan | 03/05/01 | 02/11/02 |
| 01 Civ. 0052<br><br>*Eloina Santos-Catala, et al.* | Aviles, Jose Margolla<br>Ferrell, George R.<br>Lopez, Ivan Leonel Tapia<br>Molina, William F.<br>Bruckman<br>Morales, Anibal<br>Villanueva, Migdalia<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/5/01<br>03/5/01<br>03/5/01<br>03/5/01<br>03/5/01<br>03/5/01 | 02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02 |
| 01 Civ. 0053<br><br>*Martha Garcia, et al.* | De Jesus, Rosa Berrios<br>Ortiz, Irene Rolon<br>Pleasant, Joseph E.<br>Resto, Eugenio Colon<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/05/01<br>03/05/01<br>03/05/01<br>03/05/01 | 02/14/02<br>02/14/02<br>02/14/02<br>02/14/02 |
| 01 Civ. 0054<br><br>*Carmen Gonzalez-Sanabria, et al.* | Nunez-Valle, Jesus<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/19/01 | 01/16/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 01 Civ. 0055<br><br>*Aida I. Torres-Marrero, et al.* | Benitez-Cuyar, Hector A.<br>Gonzalez-De-Ortiz-Cruz, Carmen<br>Gonzalez-Viera, Luis M.<br>Palm, Jessica<br>Rodil Suarez, Carlos R.<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/05/01<br>03/05/01<br>03/05/01<br>03/05/01<br>03/05/01 | 02/11/02<br>02/11/02<br>02/11/02<br>02/11/02<br>02/11/02 |
| 01 Civ. 0056<br><br>*Aida Rivera-Carrasquillo, et al.* | Arroyo, Esther<br>Colon-Daussa, Placido E.<br>Garcia-Diaz, Awilda<br>Lopez Cruz, Maria Esther<br>Rivera Nunez, Luz M.<br>Santiago-Vega, Francisco<br>Santos-Morales, Maria Irene<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/05/01<br>03/05/01<br>03/05/01<br>03/05/01<br>03/05/01<br>03/05/01<br>03/05/01 | 02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02 |
| 01 Civ. 0057<br><br>*Luz E. Marrero-Cabrera, et al.* | Aponte, Ana M. Cruz<br>Carrion, Eliseo De Leon<br>Rodriguez, Petra Abreu<br>Villanueva, Jose A. Ricard<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/05/01<br>03/05/01<br>03/05/01<br>03/05/01 | 02/14/02<br>02/14/02<br>02/14/02<br>02/14/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 01 Civ. 1715<br><br>*Elena Bordoy-Sanabria, et al.* | Borroto, Miguel<br>De La Rosa Perez, Victoria<br>Figueroa Correa, Sonia<br>Gomez-De Vazquez, Ignacia<br>Hernandez, Fortuna<br>Martinez-Alsina, Jesus<br>Rodriguez Aguilo, Ralph<br>Rodriguez Nieves, Nelson<br>Rodriguez Perez, Zadia E.<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/19/01<br>06/19/01<br>06/19/01<br>06/19/01<br>06/19/01<br>06/19/01<br>06/19/01<br>06/19/01<br>06/19/01 | 04/22/02<br>04/22/02<br>04/22/02<br>04/22/02<br>04/22/02<br>04/22/02<br>04/22/02<br>04/22/02<br>04/22/02 |
| 01 Civ. 2243<br><br>*Robert Lowell Bixby* | Bixby, Robert Lowell | 05/10/01 | 02/13/02 |
| 01 Civ. 2715<br><br>*Carolyn Lutch, et al.* | Clay, Vanessa<br>Clinkscale, Albert<br>Fountain, Mamie L.<br>Frace, Joseph A.<br>Hartwell, Lillian M.<br>Hilliard, Amanda<br>Jagers, Mary<br>James, Mary A.<br>Kangas, Carl<br>Lattrell, Rhonda<br>Reed, Annie Lee<br>Shoemaker, William<br>Walker, Aldenia B.<br>Walker, Isabella<br>Weaver, George<br>Williams, Sandra G.<br>Yurick, Joseph<br><br>(Motion does not cover all | 05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01<br>05/10/01 | 02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02<br>02/14/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| | plaintiffs named in complaint) | | |
| 01 Civ. 2719 *Sue Higgins* | Higgins, Charles | 06/19/01 | 02/12/02 |
| 01 Civ. 3313 *Jerry Rogers* | Rogers, Jerry | 09/10/01 | 02/12/02 |
| 01 Civ. 3315 *Roach* | Roach, Glenn H. | 09/10/01 | 02/12/02 |
| 01 Civ. 4115 *Barbara J. Hardy* | Hardy, Barbara Jean | 10/17/02 | 11/22/02 |
| 01 Civ. 5762 *Evelyn McCoy Singleton* | Singleton, Evelyn McCoy | 10/16/01 | 02/11/02 |
| 01 Civ. 6054 *Benjamin E. Ashby, et al.* | Jones, Ivan (Motion does not cover all plaintiffs named in complaint) | 01/14/02 | 03/11/02 |
| 01 Civ. 6056 *Mildred Armstread, et al.* | Hutchinson, Eardell (Motion does not cover all plaintiffs named in complaint) | 01/14/02 | 03/11/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 01 Civ. 6060<br><br>*Felician Ambuese, et al.* | Birch, Ava<br>Galliano, Janis<br><br>(Motion does not cover all plaintiffs named in complaint) | 01/14/02<br>01/14/02 | 03/11/02<br>03/11/02 |
| 01 Civ. 6071<br><br>*Wilfredo De La Cruz, et al.* | Barreto, Orlando Ponce<br>Correa, Juan Medina<br>Ledesma, Francisco Camacho<br>Morales, Virginia Ruiz<br><br>(Motion does not cover all plaintiffs named in complaint) | 11/12/01<br>11/12/01<br>11/12/01<br>11/12/01 | 02/14/02<br>02/14/02<br>02/14/02<br>02/14/02 |
| 01 Civ. 6966<br><br>*Dorothy Quinn* | Quinn, Dorothy | 11/12/01 | 02/12/02 |
| 01 Civ. 7337<br><br>*Shirley Stagg (as administratrix of the Estate of Henry Ford Satterwhite)* | Satterwhite, Henry Ford | 04/28/03 | 06/03/03 |
| 01 Civ. 7767<br><br>*Louverta King, et al.* | Nelson, Shelb<br><br>(Motion does not cover all plaintiffs named in complaint) | 11/14/01 | 02/06/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 01 Civ. 8159<br><br>*Dawn Babineaux, et al.* | Matherne, Darrick<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/18/02 | 05/02/02 |
| 01 Civ. 8173<br><br>*Clara Peacock* | Peacock, Grant W. | 11/12/01 | 02/11/02 |
| 01 Civ. 9822<br><br>*Ernest Breeden* | Breeden, Ernest | 03/04/02 | 05/02/02 |
| 01 Civ. 10563<br><br>*Ulysiss Abadine, et al.* | Fradella, Frieda<br>Woods, Eugene<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/04/02<br>03/04/02 | 05/02/02<br>05/02/02 |
| 01 Civ. 10564<br><br>*Darlene Accardo, et al.* | Adams, Euges<br>Bourg, Kenneth<br>Bourg, Robert<br>Maniscalco, Anthony<br>Smith, Lori<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/18/02<br>03/18/02<br>03/18/02<br>03/18/02<br>03/18/02 | 05/02/02<br>05/02/02<br>05/02/02<br>05/02/02<br>05/02/02 |
| 01 Civ. 11866<br><br>*Eliza E. Taylor* | Taylor, Eliza E. | 03/06/02 | 05/02/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 01 Civ. 11872<br><br>*Hazel L. Collier (Administratrix of the Estate of Onza Collier)* | Collier, Onza | 03/05/02 | 05/02/02 |
| 01 Civ. 11878<br><br>*Debra Baker, et al.* | Lewis, Linda*<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/20/02 | 07/01/02 |
| 02 Civ. 1713<br><br>*Henry Baker* | Baker, Henry | 06/10/02 | 07/01/02 |
| 02 Civ. 1718<br><br>*Priscilla J. Henson, et al.* | Jarrell, Ralph W.<br>Smith, Constance S.<br><br>(Only remaining plaintiffs in action) | 04/23/02<br>04/23/02 | 07/01/02<br>07/01/02 |
| 02 Civ. 1719<br><br>*Marcella Askew, et al.* | Burge, Helen*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/23/02 | 07/01/02 |
| 02 Civ. 1720<br><br>*Esly Alvarado-Umanzor, et al.* | Brown, Ruth*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/23/02 | 07/01/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 1721<br><br>*Lillie Barnes, et al.* | Cadoree, Terri*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/23/02 | 07/01/02 |
| 02 Civ. 1722<br><br>*Jerry Albright, et al.* | Carter, Betty Lou*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/23/02 | 07/01/02 |
| 02 Civ. 1723<br><br>*Johnny Adams, et al.* | McCorkle, Jackie*<br>Mosley, Maggie*<br>Trimble, Diana*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/11/02<br>06/11/02<br>06/11/02 | 08/06/02<br>08/06/02<br>08/06/02 |
| 02 Civ. 1724<br><br>*David Abudei, et al.* | Harris, Camile*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/23/02 | 07/03/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 2214<br><br>*Mae Broughton, et al.* | Barnum, Anna<br>Broughton, Mae<br>Casey, Jerry<br>Harris, Wilbur C.<br>King, Joe<br>Lopez, Felix<br>McLaughlin, James G.<br>Nelson, Tom<br>Wilson, John<br><br>(Motion does not cover all plaintiffs named in complaint) | 05/03/02<br>05/03/02<br>05/03/02<br>05/03/02<br>05/03/02<br>05/03/02<br>05/03/02<br>05/03/02<br>05/03/02 | 07/01/02<br>07/01/02<br>07/01/02<br>07/01/02<br>07/01/02<br>07/01/02<br>07/01/02<br>07/01/02<br>07/01/02 |
| 02 Civ. 2218<br><br>*Mildred E. O'Neal* | O'Neal, Mildred | 05/03/02 | 06/28/02 |
| 02 Civ. 2497<br><br>*Joann Burrow* | Burrow, Joann | 06/07/02 | 08/06/02 |
| 02 Civ. 3112<br><br>*Mary Jean Compton* | Compton, Mary Jean | 06/07/02 | 08/06/02 |
| 02 Civ. 3113<br><br>*Slemp Donald Armes* | Armes, Slemp Donald | 06/07/02 | 08/06/02 |
| 02 Civ. 3114<br><br>*Lois A. Lester* | Lester, Lois A. | 06/07/02 | 08/06/02 |
| 02 Civ. 4539<br><br>*Fred A. Osborne* | Osborne, Fred A. | 07/31/02 | 09/12/02 |
| 02 Civ. 4540<br><br>*Mona L. Taylor* | Taylor, Mona L. | 07/31/02 | 09/12/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 4541<br><br>*Henry M. Yates* | Yates, Henry Michael | 07/31/02 | 09/12/02 |
| 02 Civ. 4542<br><br>*Carson F. Hawks* | Hawks, Carson F. | 07/31/02 | 09/12/02 |
| 02 Civ. 4543<br><br>*Bobby J. Stanley* | Stanley, Bobby J. | 07/31/02 | 09/12/02 |
| 02 Civ. 4545<br><br>*Walter N. Doss* | Doss, Walter Noah | 07/31/02 | 09/12/02 |
| 02 Civ. 4546<br><br>*Donald Powers, Jr.* | Powers, Donald R. Jr. | 07/31/02 | 09/12/02 |
| 02 Civ. 4547<br><br>*John A. Henry, Jr.* | Henry, John A. Jr. | 07/31/02 | 09/12/02 |
| 02 Civ. 4548<br><br>*Albert D. Hicks* | Hicks, Albert D. | 07/31/02 | 09/12/02 |
| 02 Civ. 4549<br><br>*Virginia D. Ruff* | Ruff, Virginia D. | 07/31/02 | 09/12/02 |
| 02 Civ. 4550<br><br>*Russell E. Clevinger* | Clevinger, Russell E. | 07/31/02 | 09/12/02 |
| 02 Civ. 4551<br><br>*William H. Cox* | Cox, William H. | 07/31/02 | 09/12/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 4552<br><br>*Elizabeth Addair (administratrix of the estate of Roxie E. Rose Dean, deceased)* | Dean, Roxie E. Rose | 07/31/02 | 09/12/02 |
| 02 Civ. 4566<br><br>*Frank McKenzie, et al.* | McKenzie, Frank<br>Turner, Jean<br><br>(Motion covers all remaining plaintiffs named in complaint) | 07/31/02<br>07/31/02 | 09/12/02<br>09/12/02 |
| 02 Civ. 4581<br><br>*Tupelu Tupelu* | Tupelu, Tupelu | 09/11/02 | 10/29/02 |
| 02 Civ. 5033<br><br>*Hazel Lee Jefferson, et al.* | Anderson, Pamela Ann<br><br>(Motion does not cover all plaintiffs named in complaint) | 11/19/02 | 03/10/03 |
| 02 Civ. 5384<br><br>*Linda V. Justus* | Justus, Linda V. | 09/11/02 | 10/29/02 |
| 02 Civ. 5787<br><br>*James A. Carter, et al.* | Cantrell, Melvin<br>Carter, James A.<br>Holdway, Elizabeth | 09/05/02<br>09/05/02<br>09/05/02 | 10/29/02<br>10/29/02<br>10/29/02 |
| 02 Civ. 5795<br><br>*Barbara S. Sparks* | Sparks, Barbara S. | 09/06/02 | 10/29/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 5796 | | | |
| *Alfred B. McMillan* | McMillan, Alfred B. | 09/06/02 | 10/29/02 |
| 02 Civ. 6697 | | | |
| *Eloy N. Aragon, et al.* | Baitey, Mary | 10/17/02 | 11/22/02 |
| | Banks, James Arnett | 10/17/02 | 11/22/02 |
| | Brannon, Patty | 10/17/02 | 11/22/02 |
| | Brown, Soloman | 10/17/02 | 11/22/02 |
| | Bruce, Catherine | 10/17/02 | 11/22/02 |
| | Cantey, Pauline | 10/17/02 | 11/22/02 |
| | Clark, Jimmy Sr. | 10/17/02 | 11/22/02 |
| | Coursey, Patricia | 10/17/02 | 11/22/02 |
| | Davis, Christine | 10/17/02 | 11/22/02 |
| | Dean, Dorothy | 10/17/02 | 11/22/02 |
| | Elam, Reginald Jr. | 10/17/02 | 11/22/02 |
| | Erwin, Frances | 10/17/02 | 11/22/02 |
| | Fain, Jeannette | 10/17/02 | 11/22/02 |
| | Floyd, Fletcher Jr. | 10/17/02 | 11/22/02 |
| | Fowler, Martha D. | 10/17/02 | 11/22/02 |
| | George, Lillie | 10/17/02 | 11/22/02 |
| | German, Gwendolyn | 10/17/02 | 11/22/02 |
| | Granger, Claude | 10/17/02 | 11/22/02 |
| | Green, Leslie | 10/17/02 | 11/22/02 |
| | Holmes, Theresa | 10/17/02 | 11/22/02 |
| | Ingber, Shirley R. | 10/17/02 | 11/22/02 |
| | Ivey, Florence | 10/17/02 | 11/22/02 |
| | Johnson, Cloreta Gaye | 10/17/02 | 11/22/02 |
| | Kellum, Nina Ruth | 10/17/02 | 11/22/02 |
| | Key, Nathan Jr. | 10/17/02 | 11/22/02 |
| | McNeil, Andrea | 10/17/02 | 11/22/02 |
| | Montiel, Virginia M. | 10/17/02 | 11/22/02 |
| | Moore, Dorothy Mae | 10/17/02 | 11/22/02 |
| | Moser, Dorothy J. | 10/17/02 | 11/22/02 |
| | Parsons, William | 10/17/02 | 11/22/02 |
| | Pena, Daniel J. | 10/17/02 | 11/22/02 |
| | Reaves, Sonja | 10/17/02 | 11/22/02 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 6697 (Continued) | Sanchez, John B. | 10/17/02 | 11/22/02 |
| | Schroer, John | 10/17/02 | 11/22/02 |
| *Eloy N. Aragon, et al.* | Selph, Billie | 10/17/02 | 11/22/02 |
| | Serna, Elizabeth | 10/17/02 | 11/22/02 |
| | Sorensen, Doreen | 10/17/02 | 11/22/02 |
| | Stewart, Jean | 10/17/02 | 11/22/02 |
| | Tabuada, Judy E. | 10/17/02 | 11/22/02 |
| | Tarffenstadt, Bobby Dean | 10/17/02 | 11/22/02 |
| | Taylor, Amos | 10/17/02 | 11/22/02 |
| | Taylor, Joy | 10/17/02 | 11/22/02 |
| | Teasdell, Franklin | 10/17/02 | 11/22/02 |
| | Teems, Lacie | 10/17/02 | 11/22/02 |
| | Tripp, Doris E. | 10/17/02 | 11/22/02 |
| | Trujillo, Mary | 10/17/02 | 11/22/02 |
| | Ulmer, Joseph | 10/17/02 | 11/22/02 |
| | Williams, Lee | 10/17/02 | 11/22/02 |
| | Williams, Penny L. | 10/17/02 | 11/22/02 |
| | Young, Patricia | 10/17/02 | 11/22/02 |
| | (Motion does not cover all plaintiffs named in complaint) | | |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 6813<br><br>*Roberta Lane, et al.* | Barlow, Theresa | 10/17/02 | 11/22/02 |
| | Barnes, Debra | 10/17/02 | 11/22/02 |
| | Daniels, Evangeline | 10/17/02 | 11/22/02 |
| | Lane, Roberta | 10/17/02 | 11/22/02 |
| | Luttrell, Mamie | 10/17/02 | 11/22/02 |
| | Mooney, Samuel Arnold | 10/17/02 | 11/22/02 |
| | Necaise, Helen | 10/17/02 | 11/22/02 |
| | Newsome, Doris | 10/17/02 | 11/22/02 |
| | Pittman, Mary | 10/17/02 | 11/22/02 |
| | Poole, Mary F. | 10/17/02 | 11/22/02 |
| | Reynolds, Charles | 10/17/02 | 11/22/02 |
| | Scott, Cora Bell | 10/17/02 | 11/22/02 |
| | Stewart, Bettie L. | 10/17/02 | 11/22/02 |
| | (Motion does not cover all plaintiffs named in complaint) | | |
| 02 Civ. 6819<br><br>*Rella Wolf, et al.* | Boeckman, William | 10/17/02 | 11/22/02 |
| | Bumgarner, Mary | 10/17/02 | 11/22/02 |
| | Campbell, Terry | 10/17/02 | 11/22/02 |
| | Dillon, Matthew | 10/17/02 | 11/22/02 |
| | Felder, Lavelle | 10/17/02 | 11/22/02 |
| | Godfrey, Donald | 10/17/02 | 11/22/02 |
| | Grillot, Ruby | 10/17/02 | 11/22/02 |
| | Isom, Ronald | 10/17/02 | 11/22/02 |
| | Jones, Joe | 10/17/02 | 11/22/02 |
| | Jund, Linda | 10/17/02 | 11/22/02 |
| | Wolf, Rella | 10/17/02 | 11/22/02 |
| | (Motion does not cover all plaintiffs named in complaint) | | |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 6824<br><br>*Essie Brown, et al.* | McGee, William*<br>Sadler, Virginia*<br><br>(Motion does not cover all plaintiffs named in complaint) | 10/16/02<br>10/16/02 | 11/22/02<br>11/22/02 |
| 02 Civ. 7402<br><br>*John Fecondo* | Fecondo, Marie Rose | 11/19/02 | 01/08/03 |
| 02 Civ. 7406<br><br>*Susan Jarrell, et al.* | Boykin, Steven<br>Boyles, Robert<br>Harter, Kimberly<br>Hartley, Thomas<br>Hovatter, Richard<br>Jarrell, Ralph<br>Keaton, Alberta<br>Kerr, John<br>LeMasters, Carl (deceased)<br>Maynard, Irene (deceased)<br>Skaggs, Judith<br>Soward (deceased)<br>Stanze, Sandra (deceased)<br>Vencill, Gloria (deceased)<br>Westmorland, Ronald | 11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02 | 01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03 |
| 02 Civ. 7767<br><br>*Jacqueline Dunn* | Morris, Theola<br>Thomas, Lydia<br>Ware, Annie Sue<br>Welch, Augusta<br>Woodall, Helen<br><br>(Motion does not cover all plaintiffs named in complaint) | 11/19/02<br>11/19/02<br>11/19/02<br>11/19/02<br>11/19/02 | 01/08/03<br>01/08/03<br>01/08/03<br>01/08/03<br>01/08/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 8395<br><br>*Rodney Allen, et al.* | Blackwell, Anita<br>Douglas, Gregg*<br><br>(Motion does not cover all plaintiffs named in complaint) | 12/19/02<br>12/19/02 | 02/05/03<br>02/05/03 |
| 02 Civ. 8396<br><br>*Lori Branford, et al.* | Olivarri, Frank*<br><br>(Motion does not cover all plaintiffs named in complaint) | 12/19/02 | 02/05/03 |
| 02 Civ. 8398<br><br>*John Allison, et al.* | Hathoot, Benjamin*<br><br>(Motion does not cover all plaintiffs named in complaint) | 12/19/02 | 02/05/03 |
| 02 Civ. 9537<br><br>*William R. Hurley* | Hurley, William R. | 01/29/03 | 03/10/03 |
| 02 Civ. 9538<br><br>*Polly A. Crusenberry* | Crusenberry, Polly A. | 01/29/03 | 03/10/03 |
| 02 Civ. 9539<br><br>*Patsie L. Fletcher* | Fletcher, Patsie L. | 01/29/03 | 03/10/03 |
| 02 Civ. 9540<br><br>*Mary L. Mullins* | Mullins, Mary L. | 01/29/03 | 03/10/03 |

138

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 02 Civ. 9966<br><br>*Heather Wornkey* | Wornkey, Heather | 01/29/03 | 03/10/03 |
| 03 Civ. 1322<br><br>*Margaret Seidel (For the Estate of George Abdo), et al.* | Davenport, Ruby L.<br>Fitzpatrick, Benjamin (deceased)<br>McKenzie, Willie<br>Thomas, Aaron<br>Tolliver, Emma Mae<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03<br>04/28/03<br>04/28/03<br>04/28/03<br>04/28/03 | 07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03 |
| 03 Civ. 1326<br><br>*Archie Adolphus* | Archie, Rose Marie | 04/28/03 | 06/03/03 |
| 03 Civ. 1752<br><br>*James Hammond, et al.* | Misarti, Eleanor*<br>Randawa, Sanjam*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03<br>04/28/03 | 06/03/03<br>06/03/03 |
| 03 Civ. 1755<br><br>*David Layne, et al.* | Lawson, Basil*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter | Warning Letter 2 |
|---|---|---|---|
| 03 Civ. 1756<br><br>*Gray Smith, et al.* | Smith, Gray*<br>Sukhu, Sam*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03<br>04/28/03 | 06/03/03<br>06/03/03 |
| 03 Civ. 1758<br><br>*Joyce Kjarsgaard, et al.* | Weiss, Barbara*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03 | 07/09/03 |
| 03 Civ. 1760<br><br>*Betty Jo Clark, et al.* | Gelman, Faina*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 09/08/03 |
| 03 Civ. 1762<br><br>*Connie Muller, et al.* | Baher, Mary*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 |
| 03 Civ. 1763<br><br>*Mary Duvall, et al.* | Ames, Robert*<br>Flores, Richard*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03<br>04/28/03 | 06/03/03<br>06/03/03 |

140

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 03 Civ. 1764<br><br>*Gegetsik Avetisian, et al.* | Avetisian, Gegetsik*<br>Barial, Omega*<br>Chaparyan, Panos*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03<br>04/28/03<br>04/28/03 | 06/03/03<br>06/03/03<br>06/03/03 |
| 03 Civ. 1766<br><br>*Leslie Anderson, et al.* | Anderson, Leslie*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 08/07/03 |
| 03 Civ. 1767<br><br>*Mardjik Gevorkian, et al.* | Isaian, Safia*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 |
| 03 Civ. 1769<br><br>*Jon Bay, et al.* | Cornell, Gary*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 |
| 03 Civ. 1770<br><br>*Anita Gonzalez, et al.* | Michaud, Phyllis*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 03 Civ. 1771<br><br>*Charles Chuck Carter, et al.* | Greyer, Wilma*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 |
| 03 Civ. 1774<br><br>*Hovsep Konyalian, et al.* | Orozco, Martha*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 |
| 03 Civ. 1781<br><br>*Charles Bryant, et al.* | Berman, Martin*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03 | 07/09/03 |
| 03 Civ. 1783<br><br>*JeJusa Allen, et al.* | Jordan, Sheri*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 08/07/03 |
| 03 Civ. 2729<br><br>*Chanda Bell (Estate of), et al.* | Funches, Robert<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03 | 07/09/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 03 Civ. 2865<br><br>*Roberta Arnold, et al.* | Best, Evelyn*<br>Brown, Lula*<br>Gainer, Alma*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03<br>06/03/03<br>06/03/03 | 07/09/03<br>07/09/03<br>07/09/03 |
| 03 Civ. 2866<br><br>*Eleanor Ivanowski, et al.* | Mallory, Joe*<br>Richardson, Virginia*<br>Zech, Carl*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03<br>06/03/03<br>06/03/03 | 07/09/03<br>07/09/03<br>07/09/03 |
| 03 Civ. 2867<br><br>*Juanita Alexander, et al.* | Bannat, Tasha<br>Day, Richard*<br>Handy, Allen*<br>Spates, Paul*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03<br>06/03/03<br>06/03/03<br>06/03/03 | 07/09/03<br>07/09/03<br>07/09/03<br>07/09/03 |
| 03 Civ. 3471<br><br>*Joseph James, et al.* | Martell, Katherine*<br>Martinez, Sam*<br>Mason, Joel (deceased)*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03<br>07/10/03<br>07/10/03 | 08/19/03<br>08/19/03<br>08/19/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 03 Civ. 3472<br><br>*Jose Camacho, et al.* | Anderson, Debra*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03 | 08/19/03 |
| 03 Civ. 3473<br><br>*Sharon Hawkins, et al.* | Hawkins, Sharon*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03 | 08/19/03 |
| 03 Civ. 3478<br><br>*Manuelita Finch, et al.* | Jimenez, Jose*<br>Mawson, Geraldine*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03<br>07/10/03 | 08/19/03<br>08/19/03 |
| 03 Civ. 3479<br><br>*Lupe Ramos, et al.* | Ramos, Lupe*<br>Sedillo, John*<br>Thorstad, Susan*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03<br>07/10/03<br>07/10/03 | 08/19/03<br>08/19/03<br>08/19/03 |
| 03 Civ. 3480<br><br>*Donna Amato, et al.* | Amato, Donna*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03 | 08/19/03 |

144

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 03 Civ. 3482<br><br>*Balamma Peter, et al.* | Narvaez, David*<br>Ramirez, Noe*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03<br>07/10/03 | 08/19/03<br>08/19/03 |
| 03 Civ. 3483<br><br>*Judith Helm, et al.* | Hernandez, Mark*<br>Hubbard, Susan*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03<br>07/10/03 | 08/19/03<br>08/19/03 |
| 03 Civ. 3484<br><br>*Diana Matthews, et al.* | Matthews, Diana*<br>O'Neal, Larry*<br>Ramirez, Alejandro*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03<br>07/10/03<br>07/10/03 | 08/19/03<br>08/19/03<br>08/19/03 |
| 03 Civ. 3485<br><br>*Diane Skinner, et al.* | Skinner, Diane*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/24/03 | 07/25/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 03 Civ. 3486 <br><br> *Jackie Barlow, et al.* | Dekoven, Carma* <br> Delafont, Ernestine* <br> Egger-Mukarvtz, Zoe* <br><br> (Motion does not cover all plaintiffs named in complaint) | 06/24/03 <br> 06/24/03 <br> 06/24/03 | 07/25/03 <br> 07/25/03 <br> 07/25/03 |
| 03 Civ. 3487 <br><br> *Samuel Gupta, et al.* | Hulick, Ileana* <br><br> (Motion does not cover all plaintiffs named in complaint) | 06/24/03 | 07/25/03 |
| 03 Civ. 3488 <br><br> *Linda Sherman* | Sherman, Stanley <br><br> (Motion does not cover all plaintiffs named in complaint) | 06/24/03 | 07/25/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 03 Civ. 3490<br><br>*Debra Brown Barnes, et al.* | Beason, Roxie Greer<br>Bennett, Jackie<br>Bennett, Teresa Hughes<br>Blackmon, Bobby Lee<br>Carr, Raymond<br>Gray, Sandra<br>Hosey, Betty<br>Hubbard, Bonnie<br>Isaac, Brenda<br>Johnson, Lillian<br>Jones, Jennifer<br>Owens, Cenia Ann<br>Pearson, Francis<br>Washington, Janice<br>Woodley, Johnnie L.<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03<br>06/24/03 | 07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03<br>07/25/03 |
| 03 Civ. 4760<br><br>*Ollie Williams, et al.* | Williams, Ollie<br><br>(Motion does not cover all plaintiffs named in complaint) | 08/07/03 | 09/18/03 |
| 03 Civ. 4767<br><br>*Sonja Jones, et al.* | Blanton, Albert (deceased)<br>Christian, Louise<br>Riddell, Sam<br><br>(Motion does not cover all plaintiffs named in complaint) | 08/07/03<br>08/07/03<br>08/07/03 | 09/18/03<br>09/18/03<br>09/18/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
| 03 Civ. 4768<br><br>*Pearl Brown, et al.* | Newkirk, Mildred<br>Thomas, Sam Allen Jr.<br>Tomlinson, Jewell<br><br>(Motion does not cover all plaintiffs named in complaint) | 08/07/03<br>08/07/03<br>08/07/03 | 09/18/03<br>09/18/03<br>09/18/03 |
| 03 Civ. 4769<br><br>*Wanda Boatman, et al.* | Boatman, Wanda<br>Brown, Anthony<br>Burgdoerfer, Clarene<br>Castille, Jerlean<br>Coleman, Bessie<br>Cooper, Mary Ann<br>Crowley, Charlene<br>Dyson, Jannie L.<br>Edwards, Vicki<br>Emery, Edna<br>Gainer, Linda<br>Green, Joe Sr.<br>Griffin, Zella<br>Harrington, Joyce<br>Harris, Marie<br>Hynes, Betty<br>Liddell, Vertyle<br>Mitchell, Joseph A.<br>Moorehead, Anthony<br>Neck, Leland<br>Parish, Laverne<br>Scott, Izola<br>Smith, Joseph M.<br>Sparkman, John Paul (deceased)<br>Wallace, Alan Kirmet<br><br>(Motion does not cover all plaintiffs named in | 08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03<br>08/07/03 | 09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03<br>09/18/03 |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 |
|---|---|---|---|
|  | complaint) |  |  |
| 03 Civ. 4770<br><br>*Henry Caldwell* | Caldwell, Henry | 08/07/03 | 09/18/03 |

*Defendants' Amended Exhibit B*

Defendants' Amended Exhibit B
Plaintiffs Who Provided Materially Incomplete Fact Sheets
As of February 19, 2004

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 | Date Received | Fact Sheet Deficiencies |
|---|---|---|---|---|---|
| 01 Civ. 11878<br><br>*Debra Baker, et al.* | Barnes, Robert, Jr.*<br><br>(Motion does not cover all plaintiffs named in complaint) | 03/20/02 | 07/01/02 | 02/09/04 | No Authorizations |
| 02 Civ. 1719<br><br>*Marcella Askew, et al.* | McCullough, Glenda*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/23/02 | 07/01/02 | 01/09/04 | No Medical Authorization and Declaration is unsigned |
| 02 Civ. 1721<br><br>*Lillie Barnes, et al.* | Bowie, Walter*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/23/02 | 07/01/02 | 02/09/04 | No Authorizations |
| 02 Civ. 1722<br><br>*Jerry Albright, et al.* | Weaver, Vernon*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/23/02 | 07/01/02 | 02/09/04 | No Authorizations |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 | Date Received | Fact Sheet Deficiencies |
|---|---|---|---|---|---|
| 02 Civ. 1723<br><br>*Johnny Adams, et al.* | John Boen* | 06/11/02 | 08/06/02 | 01/14/04 | No Authorizations |
| | Gates, E.V.* | 06/11/02 | 08/06/02 | 02/09/04 | No Authorizations |
| | Jefferson, Tommy* | 06/11/02 | 08/06/02 | 01/14/04 | Declaration not signed |
| | Mendoza, Eva* | 06/11/02 | 08/06/02 | 01/14/04 | No Authorizations and Declaration not signed |
| | Sharp, Lettie*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/11/02 | 08/06/02 | 01/09/04 | No Authorizations |
| 02 Civ. 6697<br><br>*Eloy N. Aragon, et al.* | Ray, Alice<br><br>(Motion does not cover all plaintiffs named in complaint) | 10/17/02 | 11/22/02 | 01/09/04 | No Authorizations |
| 02 Civ. 8395<br><br>*Rodney Allen, et al.* | Davio, Raymond*<br><br>(Motion does not cover all plaintiffs named in complaint) | 12/19/02 | 02/05/03 | 01/09/04 | No Authorizations and Declaration is unsigned |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 | Date Received | Fact Sheet Deficiencies |
|---|---|---|---|---|---|
| 02 Civ. 8396<br><br>*Lori Branford, et al.* | Preston, George*<br><br>Thomas, Helen*<br><br>(Motion does not cover all plaintiffs named in complaint) | 12/19/02<br><br>12/19/02 | 02/05/03<br><br>02/05/03 | 02/09/04<br><br>02/09/04 | No Medical Authorizations<br><br>No Authorizations |
| 02 Civ. 8397<br><br>*Leslie Collins, et al.* | Collins, Leslie*<br><br>(Motion does not cover all plaintiffs named in complaint) | 12/19/02 | 02/05/03 | 01/04/04 | No Authorizations |
| 02 Civ. 8398<br><br>*John Allison, et al.* | Allison, John*<br><br>Lavrinc, Donald Jr.*<br><br>(Motion does not cover all plaintiffs named in complaint) | 12/19/02<br><br>12/19/02 | 02/05/03<br><br>02/05/03 | 02/09/04<br><br>02/09/04 | No Medical Authorizations<br><br>No Authorizations and Declaration is not signed |
| 03 Civ. 1756<br><br>*Gray Smith, et al.* | Stiles, Henry*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 | 01/09/04 | No Authorizations |

| Applicable Action | Motion Application Plaintiffs | Warning Letter 1 | Warning Letter 2 | Date Received | Fact Sheet Deficiencies |
|---|---|---|---|---|---|
| 03 Civ. 1758<br><br>*Joyce Kjarsgaard, et al.* | Kjarsgaard, Joyce*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03 | 07/09/03 | 01/09/04 | No Authorizations |
| 03 Civ. 1760<br><br>*Betty Jo Clark, et al.* | Clark, Betty | 04/28/03 | 09/08/03 | 11/10/03 | No Authorizations |
| | Leuzzi, Donald Sr. | 04/28/03 | 09/08/03 | 01/14/04 | No Authorizations and Declaration not signed |
| | McClintock, Stacia<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 09/08/03 | 01/14/04 | No Authorizations and Declaration not signed |
| 03 Civ. 1765<br><br>*Deanne Short, et al.* | Short, Deanna*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 | 11/10/03 | No Authorizations |
| 03 Civ. 1766<br><br>*Leslie Anderson, et al.* | Jung, Joan*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 08/07/03 | 11/10/03 | No Authorizations |

152

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 | Date Received | Face Sheet Deficiencies |
|---|---|---|---|---|---|
| 03 Civ. 1773<br><br>*Grisha Abramyan, et al.* | Abramyan, Grisha*<br><br>Akopyan, Anait*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03<br><br>04/28/03 | 08/07/03<br><br>08/07/03 | 11/10/03<br><br>11/10/03 | No Authorizations<br><br>No Authorizations |
| 03 Civ. 1778<br><br>*William Custard, et al.* | Custard, William*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 | 01/09/04 | No Authorizations |
| 03 Civ. 1779<br><br>*Shirley Starr, et al.* | Sedrakyan, Asmik*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 06/03/03 | 11/10/03 | No Authorizations |
| 03 Civ. 1780<br><br>*Miguel Dubon, et al.* | Helard, Michael Sr.*<br><br>(Motion does not cover all plaintiffs named in complaint) | 04/28/03 | 09/08/03 | 01/09/04 | Declaration not signed |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 | Date Received | Fact Sheet Deficiencies |
|---|---|---|---|---|---|
| 03 Civ. 2861<br><br>*Dollie Barrington, et al.* | Farmer, Joann* | 06/03/03 | 07/09/03 | 11/26/03 | Declaration not signed |
| | Malone, Cynthia* | 06/03/03 | 07/09/03 | 01/09/04 | No Authorizations |
| | Matthews, Guy* | 06/03/03 | 07/09/03 | 11/26/03 | Declaration not Signed |
| | McElhaney, Hilda* | 06/03/03 | 07/09/03 | 01/09/04 | No Authorizations and Declaration not signed |
| | Ruegg, Beverly* | 06/03/03 | 07/09/03 | 11/14/03 | No Authorizations |
| | Stokes, Ruby* | 06/03/03 | 07/09/03 | 01/09/04 | No Authorizations |
| | (Motion does not cover all plaintiffs named in complaint) | | | | |
| 03 Civ. 2862<br><br>*Ora Clark, et al.* | Ortiz, Benedicto*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03 | 07/09/03 | 01/14/04 | Declaration not signed |
| 03 Civ. 2863<br><br>*Anthony De Angelo, et al.* | Hart, Mike* | 06/03/03 | 07/09/03 | 11/26/03 | No Authorizations |
| | Mosley, Helen* | 06/03/03 | 07/09/03 | 01/09/04 | No Authorizations |
| | (Motion does not cover all plaintiffs named in complaint) | | | | |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter | Warning Letter | Date Received | Fact Sheet Deficiencies |
|---|---|---|---|---|---|
| 03 Civ. 2864<br><br>*David W. Atkins, et al.* | Thompson, Horace*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03 | 07/09/03 | 01/14/04 | No Authorizations |
| 03 Civ. 2865<br><br>*Roberta Arnold, et al.* | Blalock, Robert | 06/03/03 | 07/09/03 | 11/26/03 | No Authorizations |
|  | Frazier, Dorothy | 06/03/03 | 07/09/03 | 11/14/03 | No Authorizations |
|  | Underwood, John<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03 | 07/09/03 | 11/26/03 | No Authorizations |
| 03 Civ. 2866<br><br>*Eleanor Ivanowski, et al.* | Ivanowski, Eleanor* | 06/03/03 | 07/09/03 | 12/22/03 | No Authorizations |
|  | Miron, Clara* | 06/03/03 | 07/09/03 | 11/14/03 | No Authorizations |
|  | Sanchez, Alfredo* | 06/03/03 | 07/09/03 | 11/14/03 | No Authorizations |
|  | Shaw, Kenneth* | 06/03/03 | 07/09/03 | 11/14/03 | No Authorizations and Declaration not Signed |
|  | Smith, Thelma* | 06/03/03 | 07/09/03 | 01/14/04 | No Authorizations and Declaration not signed |
|  | Williams, Alfonso Sr.*<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/03/03 | 07/09/03 | 01/14/04 | No Authorizations |

| Applicable Action | Motion Applies for Plaintiffs | Warning Letter 1 | Warning Letter 2 | Date Received | Fact Sheet Deficiencies |
|---|---|---|---|---|---|
| 03 Civ. 3472<br><br>*Jose Camacho, et al.* | Camacho, Joe*<br><br>Vaccaro, Ann (deceased)*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03<br><br>07/10/03 | 08/19/03<br><br>08/19/03 | 11/10/03<br><br>01/09/04 | No Authorizations<br><br>No Authorizations |
| 03 Civ. 3473<br><br>*Sharon Hawkins, et al.* | Lee, Frieda*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03 | 08/19/03 | 01/09/04 | No Authorizations |
| 03 Civ. 3476<br><br>*Julianna Kendrick, et al.* | Kendrick, Julianna*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03 | 08/19/03 | 11/10/03 | No Authorizations |
| 03 Civ. 3478<br><br>*Manuelita Finch, et al.* | Finch, Manuelita*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03 | 08/19/03 | 11/10/03 | No Authorizations |
| 03 Civ. 3479<br><br>*Lupe Ramos, et al.* | Valdes, Geraldine*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03 | 08/19/03 | 11/10/03 | No Authorizations |

| Applicable Actions | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 | Date Received | Fact Sheet Deficiencies |
|---|---|---|---|---|---|
| 03 Civ. 3480<br><br>*Donna Amato, et al.* | Brown, Ronald*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03 | 08/19/03 | 11/10/03 | No Authorizations |
| 03 Civ. 3481<br><br>*Lana Samporn, et al.* | Somporn, Sam (deceased)*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03 | 08/19/03 | 01/12/04 | No Authorizations |
| 03 Civ. 3483<br><br>*Judith Helm, et al.* | Islas, Emily*<br><br>Islas, Rudy*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03<br>07/10/03 | 08/19/03<br>08/19/03 | 11/10/03<br>11/10/03 | No Authorizations<br>No Authorizations |
| 03 Civ. 3484<br><br>*Diana Matthews, et al.* | Mendoza, Tommy*<br><br>Paras, Eleanor*<br><br>(Motion does not cover all plaintiffs named in complaint) | 07/10/03<br>07/10/03 | 08/19/03<br>08/19/03 | 11/10/03<br>11/10/03 | No Authorizations<br>No Authorizations |

| Applicable Action | Motion Applies to Plaintiffs | Warning Letter 1 | Warning Letter 2 | Date Received | Fact Sheet Deficiencies |
|---|---|---|---|---|---|
| 03 Civ. 3490<br><br>*Debra Brown Barnes, et al.* | Tucker, Lula<br><br>(Motion does not cover all plaintiffs named in complaint) | 06/24/03 | 07/25/03 | 01/08/04 | No Authorizations |
| 03 Civ. 4760<br><br>*Ollie Williams, et al.* | Norsworthy, Margaret<br><br>(Motion does not cover all plaintiffs named in complaint) | 08/07/03 | 09/18/03 | 01/09/04 | No Authorizations and Declaration not signed |